## In re BETTE JANE SHOE CORPORATION.
### No. 47859.

United States District Court
E. D. New York.
Nov. 4, 1949.

William J. Henry, New York City, attorney for petitioning creditors and trustee.

ABRUZZO, District Judge.

A motion had heretofore come on before me to review an order of Referee Samuel C. Duberstein declaring a chattel mortgage made by the bankrupt to be a valid lien. It appears that the chattel mortgage was in the face amount of $4,500, payable in 12 equal monthly instalments of $375 each, together with interest at the rate of six per cent per annum. Nine monthly instalments were paid, but the last three instalments totalling $1,125 are still unpaid. The Referee granted the motion made by the mortgagee to declare this chattel mortgage a valid lien.

In reviewing this order granting the motion, I found that the testimony before the Referee as to solvency at the time the mortgage was executed was too vague and incomplete. I, therefore, remitted the matter to the Referee to take further testimony as to solvency at the time the chattel mortgage was given.

At the rehearing, the attorney for the trustee was unable to produce any evidence as to insolvency. The Referee accordingly reaffirmed his previous findings.

The evidence before the Referee proved there was no fraud within Section 67 sub. d, 11 U.S.C.A. § 107, sub. d, although the chattel mortgage was executed within a year of the filing of the bankruptcy proceeding, nor was the bankrupt insolvent at that time, nor was it left with unreasonably small capital, nor was there any evidence to believe that the bankrupt would incur debts beyond its ability to pay. Barr & Creelman Mill & Plumbing Supply Co. v. Zoller, 2 Cir., 109 F.2d 924.

The present order of the Referee, therefore, must be confirmed.